IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAWN K. BROWN, CHAPTER 11 TRUSTEE OF LLM RESTAURANT SERVICES, INC., | § § § § § | |
| *Appellant,* | § | |
| v. | § § | CA 3:06-CV-1525-R |
| DFW POP RESTAURANTS, LLC, | § § § | |
| *Appellee.* | § | |

## MEMORANDUM OPINION AND ORDER

Shawn K. Brown, Chapter 11 Trustee of LLM Restaurant Services, Inc., appeals the bankruptcy court's judgment awarding DFW Pop Restaurants, LLC attorney's fees. The Court AFFIRMS the bankruptcy court's attorney's fees award.

## I. Facts

In 2003, DFW Pop leased commercial property from LLM Restaurant Services, Inc. to operate a Popeyes Famous Chicken & Biscuits restaurant. A dispute soon arose between the parties over the proper calculation of rent under the parties' lease agreement. DFW Pop brought a state court action against LLM claiming breach of contract and seeking a judgment declaring that DFW Pop had correctly calculated the rent it owed under the lease at $99,787.10. LLM counterclaimed for breach of contract and tortuous interference. The case was removed to the bankruptcy court and the Trustee replaced LLM. The bankruptcy court issued an order declaring that DFW Pop correctly calculated the rent at $99,787.10 and denying both parties' remaining claims. The bankruptcy court also awarded DFW Pop attorney's fees of $250,553.45 because the lease agreement allowed the prevailing party in an action to interpret the lease agreement to recover attorney's fees. The Trustee

**MEMORANDUM OPINION AND ORDER – PAGE 1**

appeals the bankruptcy court's attorney's fees award.

## II.  Jurisdiction

The Court has jurisdiction over this appeal under Title 28 U.S.C. § 158(a)(1), which provides that district courts will have jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy judges.  DFW Pop claims the Court is divested of its jurisdiction, however, because the Trustee untimely appealed the bankruptcy court's judgment.  DFW Pop is correct that an untimely appeal from the bankruptcy court to the district court may divest the district court of its jurisdiction.  *See In re Stangel*, 219 F.3d 498, 500 (5th Cir. 2000).  The Federal Rules of Bankruptcy Procedure establish the appeal process.  The rules state that an appeal from a judgment of a bankruptcy judge to a district court as permitted by § 158(a)(1) must be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.  FED. R. BANKR. PROC. 8001.  Rule 8002 mandates that a notice of appeal must be filed with the clerk within 10 days of the judgment.

Here, the bankruptcy court signed its Memorandum Opinion and Order on June 8, 2006.  The Order states that "[a] judgment consistent with this Memorandum Opinion and Order  will be entered separately."  *Order* at 12.  The bankruptcy court then signed its judgment on June 26, 2006, and the Trustee filed its notice of appeal on July 6, 2006.  DFW Pop argues the 10-day period began running when the bankruptcy court issued its Order on June 8, 2006, and therefore, the Trustee's July 6, 2006, appeal was untimely.

Rule 8002 contemplates that a party may file its notice of appeal after the original decision but before the final judgment.  *See* FED. R. BANKR. PROC. 8002 ("A notice of appeal filed after the announcement of a decision or order but before entry of the judgment . . . shall be treated as filed

**MEMORANDUM OPINION AND ORDER – PAGE 2**

after [the judgment's] entry and on the day thereof."). This clause mandates how a court should treat a notice of appeal filed before the final judgment is signed; the clause's mere existence, therefore, actually suggests that such a filing is unusual, rather than required as DFW Pop argues. As such, the Rules should not be, and have not been, read to prevent a party from waiting until after the entry of the final judgment to file its notice of appeal. *See In re C.R. Davidson Co., Inc.*, 232 B.R. 549, 552 (2nd Cir. 1999) (finding that time for filing notice of appeal did not commence until entry of separate judgment order). This is especially true where, as is the case here, the decision or order specifically states that the court will enter a judgment separately. Further, § 158(a)(1), specifically referenced in Rule 8001, clearly states that an appeal can be taken from a "final judgment," which in this case did not occur until June 26, 2006. As such, the Trustee timely filed its notice of appeal because it filed its notice of appeal on July 6, 2006, within 10 days of the final judgment's entry. The Court has jurisdiction.

### III.  Discussion:  Attorney's Fees

The standard of review for a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. 28 U.S.C. § 158(c)(2). Accordingly, the Court reviews the bankruptcy court's conclusions of law *de novo*. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). The issue of attorney's fees is a question of law. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Therefore, the Court reviews the bankruptcy court's attorney's fees award *de novo*.

The parties do not dispute that their lease agreement allows the prevailing party to recover attorney's fees in any action to interpret or enforce the lease agreement. The parties do dispute the meaning of the term "prevailing party." Each party argues that it was the "prevailing party." The

term is not defined in the lease agreement, so the Court must give the term its "plain, ordinary, and generally accepted meaning." *Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). Texas appellate courts have defined "prevailing party" in numerous ways. *See City of Waco v. Kelley*, 2007 WL 1297158, at *8 (Tex. App.—Waco May 2, 2007, no pet.) (recognizing three ways Texas courts have defined the term). The "prevailing party" may be: (1) "the party to the suit 'who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention'"; or (2) the party "who is vindicated by the trial court's judgment"; or (3) the "party in whose favor a judgment is rendered." *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 564-65 (Tex. App.—Texarkana 2003, pet. denied). The Trustee fails all of these tests.

The first test hinges on which party prevails on the "main issue" in the litigation. The Trustee argues that it "prevailed on the main issue in the litigation [which was] whether . . . the tenant failed to pay rent." *Appellant's Br.* at 6. Of course, the Trustee admits in its brief that "[i]n the opening argument at trial, [DFW Pop] admitted that it owed the landlord $99, 878.10 [sic] in unpaid rent." *Id.* at 2-3. As even the Trustee clearly understands, the main issue was not whether DFW Pop failed to pay rent. The answer to that issue was clear; the main issue, rather, was the *amount* DFW Pop owed in unpaid rent. The bankruptcy court correctly determined this as the main issue. DFW Pop prevailed on the main issue because the bankruptcy court issued a judgment declaring that DFW Pop correctly calculated its unpaid rent.

The second and third tests consider which party is "vindicated" by the judgment, and "the party in whose favor a judgment is rendered," respectively. Here, the only claim on which the bankruptcy court granted relief to either party was DFW Pop's declaratory judgment claim.

Therefore, under the second test DFW Pop was the party "vindicated" by the judgment; and, under the third test, the judgement was clearly rendered in DFW Pop's favor.

For the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED.**
**SIGNED**: **July 20th, 2007.**

_____
**JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**